FIRST NATIONAL BANK OF SUTTON, APPELLEE, V. FRED SCHIERMEYER ET AL., APPELLANTS.

FILED APRIL 15, 1916. No. 18382.

1. **Trial:** DIRECTION OF VERDICT: SPECIAL FINDINGS. In an action at law the trial court is not required to make special findings when directing the verdict of the jury.

2. ——: ——. There being no evidence which would support a verdict for defendant, the trial court did not err in instructing the jury to find a verdict for the plaintiff.

APPEAL from the district court for Thayer county: LESLIE G. HURD, JUDGE. *Affirmed.*

*Morning & Ledwith, C. L. Richards* and *Weiss & Weiss,* for appellants.

*W. E. Goodhue, M. L. Corey* and *Mockett & Peterson, contra.*

SEDGWICK, J.

This action was upon a promissory note, and the defense was that the note was given for a hay baler, which was warranted, and was not as warranted. The court instructed the jury to find a verdict for the plaintiff, which was done, and judgment accordingly, and defendants have appealed.

The first objection is that the court erred in not stating the ground of the ruling. It is generally necessary in moving for an instructed verdict to state the ground of the motion for the information of the court. Under some circumstances it has been held that unless the ground of the motion is stated no error can be predicated upon refusal of the motion. When the motion is based upon the failure of evidence, it is generally held that the point relied upon must be specified. *Yeager v. South Dakota C. R. Co.*, 31 S. Dak. 304. The statute does not require special findings in an action of this kind.

The contract of warranty contained provisions for furnishing defective parts, and similar provisions, but there is no claim of evidence of failure of the company in these respects.

The contract provided: "The Luebben Baler Co. guarantees that when baler is run 150 revolutions per minute of its drive shaft, and the carrier is kept full of hay spread uniformly, it will bale three tons per hour, and the capacity will be increased with the increased speed of the baler." The defendants testified: "Q. You may state how the baler worked. A. Well, the hay in the stack, it was really damp, and it wouldn't go through the rollers at all, and it would clog up on the spindles and it would run up onto the belt so we couldn't do hardly anything with it, and they had put on a new spreader and it wouldn't work on there either, so finally we raised the spreader up, and stood there with forks and spread the hay with the forks on the feeder." Other similar testimony is quoted in the brief of defendant. No evidence is referred to in the brief which tends to

99 Neb. 45

show that the baler was run as specified in the warranty, or that it was ever satisfactorily tried with hay suitable for the purpose. There is quite a volume of evidence, and we have not observed evidence tending to prove that the baler failed upon a fair trial as contemplated by the contract. As no substantial failure of the warranty appears, it is immaterial whether the plaintiff is a *bona fide* holder of the paper under the negotiable instruments law.

The judgment of the district court is

AFFIRMED.

LETTON J., not sitting.